UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| **IN RE JASON GUANRO** | ) ) ) ) | Case No. | Case: 1:22–mc–00050<br>Assigned To : Cobb, Jia M.<br>Assign. Date : 5/10/2022<br>Description: Misc. |

## PETITION TO QUASH SUBPOENA OF JASON GUARNO'S ELECTRONIC RECORDS

Jason Guarno, by his counsel John Pierce, hereby petitions this body to quash the subpoena reportedly issued to him by this Committee. Guarno has not received the subpoena, but his Counsel requests a judicial forum to litigate the constitutionality and lawfulness of the subpoena.

As a preliminary matter, Mr. Guarno hereby asserts his Fifth Amendment right not to be a witness against himself in response to your subpoena.

Although Congress has broad authority to investigate, *see Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 504, n.15 (1975), its authority must be in furtherance of its legislative function. The Supreme Court, in *Watkins v. United States*, held that Congress's investigative power is at its peak when the subject is alleged waste, fraud, abuse, or maladministration within a government department. The investigative power, the Court stated, "comprehends probes into departments of the Federal Government to expose corruption, inefficiency, or waste." 354 U.S. 178, 187 (1957).

It appears the Select Committee's composition is in violation of the Rules of the House as well as the rules laid out by the House when the House voted to create the Committee. Section 2 of the Act which created the Committee states:

1

> "COMPOSITION. (a) Appointment Of Members - The Speaker shall appoint 13 Members to the Select Committee, 5 of whom shall be appointed after consultation with the minority leader." Further, Subsection (c) states: "Vacancies - Any vacancy in the Select Committee shall be filled in the same manner as the original appointment."

However, the Select Committee as now composed consists of just two Republicans, Liz Cheney and Adam Kinzinger, *selected by the Democrats*. Speaker Pelosi refused to seat GOP members nominated by the minority party, and instead picked Republicans who have openly advocated a conspiracy theory that the demonstrators and protestors on Jan. 6 were all insurrectionists.

Additionally, H. Res. 503 requires the chair of the committee to consult with the ranking member before issuing a subpoena for a deposition. But the committee has no ranking Republican member, which could make the committee's subpoenas invalid.

Consequently, the subpoena of Mr. Guarno is invalid and unlawful. And any action to enforce the subpoena would violate the law. The Congressional Research Service appears to concede that House subpoenas are valid only when authorized by resolution of the full House or in furtherance of such authorization. Todd Garvey, "Congress's Contempt Power and the Enforcement of Congressional Subpoenas: Law, History, Practice, and Procedure," Congressional Research Service, p. 30 (May 12, 2017), https://sgp.fas.org/crs/misc/RL34097.pdf (referencing *Committee on the Judiciary v. Miers*, 558 F. Supp. 2d 53, 64 (D.D.C. 2008) and *Committee on Oversight & Gov't Reform v. Holder*, No. 1:12-cv-1332 (D.D.C. Aug. 13, 2012).

Subpoenas and contempt actions will not be upheld if the committee's investigation has not been clearly authorized by the full House or Senate. *United States v. Rumely*, 343 U.S. 41 (1953); *Tobin v. United States*, 306 F.2d 270 (D.C. Cir.), *cert. denied*, 371 U.S. 902 (1962); *United States v. Patterson*, 206 F.2d 433 (D.C. Cir. 1953).

It further appears that the committee is unconstitutionally operating in secret and stonewalling information by refusing to provide the required monthly reports to House members. The Congressional Handbook lists the required information to include statement of expenses, reports of travel, committee employees, titles and salaries, and a certification that the report is available to members of the committee for examination.

It is apparent that the subpoena in question is directed at Mr. Guarno to chill and as retaliation for Mr. Guarno's First Amendment protected advocacy. Although the First Amendment, by its terms, is expressly applicable only to legislation that abridges freedom of speech, press, or assembly, the Supreme Court has held that the amendment also restricts Congress in conducting investigations. *Watkins v. United States*, 354 U.S. 178, 197 (1957). In *Barenblatt v. United States*, 360 U.S. 109, 126 (1959), the Court held that "where First Amendment rights are asserted to bar government interrogation resolution of the issue always involves a balancing by the courts of the competing private and public interests at stake in the particular circumstances shown."

The one-sided political structuring of the Select Committee's website reveals the wholly biased, predetermined nature of the Committee's objectives: "Whereas January 6, 2021, was one of the darkest days of our democracy, during which insurrectionists attempted to impede Congress's Constitutional mandate to validate the presidential election and launched an assault on the United States Capitol Complex that resulted in multiple deaths, physical harm to over 140 members of law enforcement, and terror and trauma among staff, institutional employees, press, and Members. . . [etc.]" Even the name of the Committee, "the Select Committee to Investigate the January 6th *Attack* on the United States Capitol," evidence this bias and pre-determinism. Many of those who participated in January 6 were engaging in pure advocacy, protected by the First Amendment, not an "attack."

For all the foregoing reasons, Petitioner Guarno seeks to quash the subpoena in question, and to otherwise litigate the lawfulness of the subpoena in the judicial system in the event the Committee declines to quash the subpoena.

Date: May 9, 2022                                   Respectfully Submitted,

*John M. Pierce*
John M. Pierce
21550 Oxnard Street
3d Floor, PBM#172
Woodland Hills, CA 91367
Tel: (213) 279-7648
Email: jpierce@johnpiercelaw.com

*Attorney for Jason Guarno*

4

## **CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, May 9, 2022, I caused a copy of the foregoing document to be served on all counsel through electronic mail to the following:

Alyssa DaCunha
WilmerHale
Alyssa.DaCunha@wilmerhale.com

Patricia A. Cauldwell
Director, Legal Affairs
T-Mobile
patricia.cauldwell@t-mobile.com

Candyce Phoenix
Candyce.Phoenix@mail.house.gov

Sandeep Prasanna
Sandeep.Prasanna@mail.house.gov

Jacob Nelson
select_clerks@mail.house.gov

                                              /s/ John M. Pierce
                                              John M. Pierce